Judge Jamal N. Whitehead

FILED ___ ENTERED
___ LODGED ___ RECEIVED

MAR 03 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR24-062-JNW |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| AMBER TOWNDROW, | |
| Defendant. | |

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorney Sean H. Waite of the Western District of Washington and Amber Towndrow and Amber Towndrow's attorney Michele Shaw enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11.

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the indictment.

   a. Conspiracy to Commit Bank Fraud, as charged in Count 1, in violation of Title 18, United States Code, Section 1349.

Plea Agreement - 1
United States v. Amber Towndrow, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. Aggravated Identity Theft, as charged in Count 9, in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

c. Money Laundering, as charged in Count 12, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense(s).** The elements of the offense(s) to which Defendant is pleading guilty are as follows:

a. The elements of Conspiracy to Commit Bank Fraud, as charged in Count 1, are as follows:

1. Two or more persons agreed to commit the crime of Bank Fraud;
2. The defendant knew the unlawful purpose of the agreement; and
3. The defendant knowingly joined into the agreement.

i. The elements of Bank Fraud, as included in element 1 of Count 1, are as follows:

a. The defendant knowingly executed or attempted to execute a scheme to defraud a financial institution of something of value;

b. The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

c. The defendant did so with the intent to defraud the financial institution; and

Plea Agreement - 2
United States v. Amber Towndrow, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    d. The financial institution was insured by the Federal Deposit Insurance Corporation.

  b. The elements of Aggravated Identity Theft, as charged in Count 9, are as follows:

    1. The defendant knowingly transferred, possessed, or used, without legal authority, a means of identification of another person;

    2. The defendant knew that the means of identification belonged to a real person; and

    3. the defendant did so during and in relation to committing Bank Fraud in violation of 18 U.S.C. § 1344.

  c. The elements of Money Laundering, as charged in Count 12, are as follows:

    1. The defendant conducted a financial transaction involving property that represented the proceeds of Bank Fraud;

    2. The defendant knew the property represented the proceeds of some form of unlawful activity; and

    3. The defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense(s) to which Defendant is pleading guilty are as follows:

  a. For the offense of Conspiracy to Commit Bank Fraud, as charged in Count 1: A maximum term of imprisonment of up to 30 years, a fine of up to $1,000,000, a period of supervision following release from prison of up to five years, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Plea Agreement - 3
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      b.    For the offense of Aggravated Identity Theft, as charged in Count 9: A mandatory term of two years imprisonment, which must be consecutive to any term imposed on Count 1, Count 12, and any other sentence, a fine of up to $250,000, a period of supervision following release from prison of up to one year, and a mandatory special assessment of $100 dollars.

      c.    For the offense of Money Laundering, as charged in Count 12: A maximum term of imprisonment of up to 20 years, a fine of up to $500,000 or twice the value of the property involved in the transaction, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further

Plea Agreement - 4
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

Plea Agreement - 5
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

  6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

  a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

  b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

  c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

Plea Agreement - 6
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

　　　　d.　Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.　**Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.　**Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

　　a. Beginning at a time unknown, but no later than January 2022 and continuing on through on or about September 8, 2023, TOWNDROW, in agreement with other conspirators, knowingly and willfully engaged in a scheme to defraud financial institutions and their customers of money, funds, and credits.

　　b. TOWNDROW knew of the unlawful purpose of the agreement and knowingly joined the agreement.

　　c. The conspirators traveled across the United States, including to the Western District of Washington, to further carry out their scheme to defraud.

　　d. During part of this period, TOWNDROW was in a romantic relationship with one of her co-conspirators, Darby Canfield.

　　e. TOWNDROW and her co-conspirators unlawfully obtained personal identifying information of no less than 19 victim account holders. This information included, but is not limited to, residential addresses, dates of birth, driver's license numbers, social security numbers, passport numbers, and online banking credentials.

Plea Agreement - 7
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

f. TOWNDROW and her co-conspirators knew that the victim account holders were real people.

g. Using this information the conspirators created and/or obtained fraudulent identity cards, including false driver's licenses and false passport cards, listing the victim account holder's personal identifying information but containing TOWNDROW's photograph.

h. The conspirators then created fraudulent business entities by registering businesses in various states, including, at least, Washington State, Colorado, and Indiana. The conspirators listed the victim accountholder as the registered agent of the business.

i. TOWNDROW, sometimes joined by co-conspirators, then traveled to a brick-and-mortar branch of the financial institution that the respective victim account holder maintained an account at. The conspirators usually a selected branch far from, and in a different state, than where the victim lived. These branches were in, at least, the Western District of Washington, Colorado, Pennsylvania, California, the District of Columbia, New Jersey, and Indiana. Towndrow traveled to these locations under the identity of victims she was impersonating. At these branches, TOWNDROW, using a fraudulent identity card, unlawfully impersonated the victim to open a business account for the fraudulent business entity, which would be linked to the victim account holder's legitimate account.

j. The conspirators then transferred funds held in the victim account holder's legitimate account into the fraudulent business account.

k. The conspirators received debit cards for the fraudulent business accounts and used these cards to then spend the victim account holder's funds. They often did this through the purchase of money orders, but

Plea Agreement - 8
United States v. Amber Towndrow, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

they also withdrew cash and made point of sale purchases using the fraudulent debit cards.

l.  The conspirators then exchanged the money orders for cash at locations such as MoneyTree and the United States Postal Service.

m.  The conspirators attempted to obtain over $1.4 million, and successfully obtained at least $664,000. TOWNDROW distributed these proceeds to her co-conspirators, keeping at least $66,400 as her "commission" for the fraud.

n.  The financial institutions the conspirators defrauded were qualifying financial institutions under Title 18, United States Code, Section 20.

o.  TOWNDROW estimates that she has personally opened approximately 50 different bank accounts under false identities and has negotiated more than 100 different money orders with funds stolen from the persons whose identities she stole.

p.  TOWNDROW impersonated at least the following victim's: I.M., L.M., N.Z., K.S., A.C.B., R.S., M.T., A.P., J.B., X.C., G.N., L.L., M.P., K.S., S.M., L.R., R.S., and S.A..

q.  The following are examples of TOWNDROW's execution of the scheme:

*Victim K.S.*

r.  Knowing K.S. to be a real person living in Illinois, TOWNDROW and her co-conspirators obtained K.S.'s personal identifying information.

s.  TOWNDROW and her co-conspirators then created a fraudulent U.S. passport card that contained K.S.'s identifying information but TOWNDROW's photograph.

t.  The conspirators then created a business entity with the state of Colorado, listing K.S. as the registered owner of the business.

Plea Agreement - 9
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

u. TOWNDROW traveled to a Chase Bank branch in Seattle, where, using the fraudulent passport card, she impersonated K.S. and opened a business account for the fraudulent business entity. That business account linked to K.S.'s legitimate bank account. The bank provided TOWNDROW a debit card for the fraudulent business account.

v. TOWNDROW and her co-conspirators then used the bank's online banking system to transfer $131,709.11 from K.S.'s legitimate account into the fraudulent account.

w. On January 27, 2022, among other dates, TOWNDROW impersonated K.S. and used the debit card, K.S.'s personal information, and a fraudulent U.S. Passport number to purchase money orders at several post offices in Seattle (**Count 9**), during and in relation to committing the crime of Conspiracy to Commit Bank Fraud.

x. TOWNDROW repeated this conduct on multiple dates and at multiple locations in the greater Seattle area. TOWNDROW and her co-conspirators used funds stolen from K.S. to purchase 128 USPS money orders, worth approximately $126,653, at multiple locations in the Seattle area.

y. TOWNDROW made those money orders payable to various names, including "J.V." TOWNDROW gave the money orders payable to J.V. to her co-conspirator Darby Canfield, who then, impersonating J.V., cashed the money orders at MoneyTree locations in the greater Seattle area. For example, on January 31, 2022 Canfield exchanged one of these money orders for $1,000 at a MoneyTree in Seattle (**Count 12**).

z. In causing Canfield to conduct this transaction, Towndrow conduced a financial transaction involving property that represented the proceeds of bank fraud, knowing that the property represents the proceeds of some

Plea Agreement - 10
United States v. Amber Towndrow, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

form of illegal activity, and knowing that the transaction was designed in whole or in part to disguise the nature, location, source, ownership, or control of the proceeds.

*Victim A.C.B.*

aa. Knowing victim A.C.B. to be a real person living in Texas, TOWNDROW and her co-conspirators obtained A.C.B.'s personal identifying information.

bb. TOWNDROW and her coconspirators then created a fraudulent passport card using A.C.B.'s identifying information but containing TOWNDROW's photograph.

cc. On or about January 27, 2022, the conspirators created a fraudulent business entity with the state of Washington, listing A.C.B. as the registered agent.

dd. TOWNDROW then traveled to a Chase Bank branch in Seattle, where, using the fraudulent passport card, she impersonated A.C.B. to create a business account for the fraudulent business entity. That business account was linked to A.C.B.'s legitimate bank account. The bank provided TOWNDROW a debit card for the fraudulent business account.

ee. TOWNDROW and her co-conspirators then used the bank's online banking system to transfer approximately $75,000 from A.C.B.'s legitimate account into the fraudulent account.

ff. From approximately February 11–14, 2022, TOWNDROW, impersonating A.C.B., used the debit card to purchase approximately $50,000 of MoneyGram money orders across the Seattle area.

gg. TOWNDROW made those money orders payable to various names, including "J.V." TOWNDROW gave the money orders payable to

Plea Agreement - 11
United States v. Amber Towndrow, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

          "J.V." to her co-conspirator Darby Canfield, who then, impersonating "J.V.", cashed the money orders at MoneyTree locations in the greater Seattle area.

    hh. TOWNDROW executed the scheme in various states and caused harm to persons and financial institutions throughout the country.

    ii. TOWNDROW memorized the personal identifying information of some of her victims. For example, when questioned by law enforcement in Indiana, TOWNDROW claimed to be victim J.B., and recited J.B.'s personal identifying information (including her social security number) from memory. J.B. is a real person, and the information TOWNDROW offered to law enforcement was J.B.'s actual identifying information.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. Base offense level of 7, pursuant to USSG §§ 2X1.1 and 2B1.1(a), and 2S1.1.

    b. An increase of 14 points because the loss exceeds $550,000, pursuant to USSG § 2B1.1(b)(1).

    c. An increase of 2 points because the scheme involved 10 or more victims, pursuant to USSG § 2B1.1(b)(2)(A).

    d. An increase of 2 points for sophisticated means, pursuant to USSG § 2B1.1(b)(10)(c).

    e. An increase of 2 points because defendant was convicted of Money Laundering under 18 U.S.C. § 1956.

Plea Agreement - 12
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.     **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.     **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is not more than 72 months for Counts 1 and 12, followed by 24 months for Count 9, which shall run consecutive to the sentences for Count 1 and 12 and any other sentence. The United States will also recommend the maximum term of supervised release permitted by law. Defendant is free to make any recommendation permitted by law. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

Plea Agreement - 13
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. **Restitution.** Defendant shall make restitution to the victims in the amount of $664,000, with credit for any amounts already paid. Defendant's liability shall be joint and several with co-defendant Darby Canfield pursuant to any judgment issued against Canfield under this case number.

   a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

   b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

Plea Agreement - 14
United States v. Amber Towndrow, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

   c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

  13. **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case.

  Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy to commit bank fraud charged in Count 1 of the Indictment. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), and includes, but is not limited to, a judgment for a sum of money (also known as a forfeiture money judgment) in the amount of at least $66,400, representing the proceeds that Defendant personally kept as a result of this conspiracy.

  Defendant further agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any property, real or personal, involved in his commission of the offense of money laundering, charged in Count 12 of the Indictment. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

Plea Agreement - 15
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands and acknowledges that the forfeited sum of money (the forfeiture money judgment) described above is separate and distinct from restitution that is ordered in this case. The United States agrees that the amount Defendant pays toward restitution will be credited against this forfeited sum.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if such property constitutes or derives from proceeds of the conspiracy to commit bank fraud set forth in Count 1 or was involved in money laundering as charged in Count 12.

14. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the

Plea Agreement - 16
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such

Plea Agreement - 17
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17.   **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from

Plea Agreement - 18
*United States v. Amber Towndrow*, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//
//
//

Plea Agreement - 19
United States v. Amber Towndrow, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 3rd day of March, 2025.

_____
AMBER TOWNDROW
Defendant

_____
MICHELE SHAW
Attorney for Defendant

_____
SETH WILKINSON
Assistant United States Attorney

_____
SEAN H. WAITE
Assistant United States Attorney

Plea Agreement - 20
United States v. Amber Towndrow, CR24-062 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970